IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


United States of America,          :

          Plaintiff,               :

     v.                            :     Case No. 2:09-mj-036

William L. Smith,                  :     JUDGE SARGUS

          Defendant.               :

## DETENTION ORDER

The Court held a preliminary hearing and a detention hearing in this case on January 29, 2009.  Following the hearing, the Court detained the defendant without bond.  The reasons for that action are set forth below.

Defendant was charged in a criminal complaint, filed in this Court on January 26, 2009, with being a felon in possession of a firearm and ammunition.  According to the testimony of Task Force Officer Jerry Orrick, the charge arose out of an incident which occurred last April.  As described in the complaint, Mr. Smith and an acquaintance were talking on a telephone line which, because the call had been placed from a state prison, was being monitored.  During that conversation, Mr. Smith told the other party that his girlfriend had pointed Mr. Smith's gun at him in March in connection with a domestic violence incident, and that Mr. Smith had been carrying the gun on a later occasion when he saw another individual whom he was thinking about shooting.  A search warrant was obtained for Mr. Smith's residence.  As officers were executing the warrant, Mr. Smith slipped out the back.  A gun was found in a dumpster along with papers from that residence, and ammunition was found inside.  Mr. Smith's girlfriend confirmed that Mr. Smith had a gun - in fact, two of

them.  Mr. Smith has a prior felony conviction for manslaughter, and another for a narcotics offense.  He was arrested on the federal charge after his girlfriend called 911 twice on January 27, 2009, reporting that Mr. Smith was threatening her and her children.  Someone (apparently not Mr. Smith's girlfriend) was also heard on one of these calls stating that Mr. Smith had a gun.  These facts supported a probable cause finding and also formed part of the United States' case for detention.

The remaining facts relevant to detention are found in the Pretrial Services report.  That report discusses Mr. Smith's criminal history, including his two felony convictions, and it shows that he was on probation when this offense allegedly occurred.  It also shows that he has failed to appear for court on many occasions in the past, has been declared a probation violator on a number of occasions, and has had his probation revoked on several occasions.  Additionally, he has not been employed recently and appears to have a substance abuse problem. If released, he could live with his mother.  Mr. Smith said he had been living with his girlfriend but, as noted above, there appear to be some issues with that living arrangement, and according to the evidence he has also threatened (and perhaps assaulted) a different girlfriend by throwing an object through her window.  He has been charged with domestic violence twice in the past.

Under 18 U.S.C. §3142(f), a detention hearing may be held in a case involving, <u>inter alia,</u> a serious risk that the person to be detained will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.  Such a hearing may also be held if there is a serious risk that the person sought to be detained will flee.  At the hearing, it is the task of the presiding judicial officer to

determine whether any condition or combination of conditions of release "will reasonably assure the appearance of the person as required and the safety of any other person and the community...."

Following the hearing, "if the judicial officer determines that no such conditions exists, such judicial officer shall order the detention of the person before trial." Id. If detention is based upon a finding that no condition or combination of conditions will reasonably assure the safety of any other person in the community, such a finding must be supported by clear and convincing evidence. Proof that the person sought to be detained is a serious risk of flight must be by a preponderance of the evidence.

18 U.S.C. §3142(g) requires the judicial officer to consider available information concerning (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. See, e.g., United States v. Arvanitis, 667 F. Supp. 693 (N.D.Ill. 1987). Detention may be ordered based upon a finding that the defendant is likely to continue to engage in criminal activity which poses a threat either to the community or to the safety of particular persons, and such circumstances are not limited to proof that the defendant poses a serious risk either to obstruct justice or to intimidate or injure a prospective witness or juror. See, e.g., United States v. Daniels, 772 F.2d 382 (7th Cir. 1985); United States v. Yeaple, 605 F.Supp. 85 (M.D.Pa. 1985).

Under this standard, the Court has found that clear and

-3-

convincing evidence was presented concerning this defendant's danger to the community. He has a serious felony conviction for causing the death of another person and has served several years in prison due to that conviction. Notwithstanding that conviction and being on probation, it appears that he possessed a firearm, or more than one, that he carried it with him, and that he was thinking about killing someone with it. He has demonstrated a propensity to violence, including incidents with several girlfriends, the most recent of which occurred on the day of his arrest. He has demonstrated a clear disregard for court-imposed conditions of probation, leading to several probation revocations. The Court cannot envision how any conditions of release, no matter how stringent, would prevent Mr. Smith from either possessing a weapon or threatening to use it, because he has done exactly that while on probation and while being prohibited from legally possessing a weapon. Under these circumstances, his detention without bond is required.

The defendant was advised of his right to seek review of this order by a United States District Judge under 18 U.S.C. §3145(b).


/s/ Terence P. Kemp
United States Magistrate Judge